UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY R. McPHERSON,<br>Petitioner<br>v.<br>DANIEL PARAMO, Warden,<br>Respondent. | Case No. SACV 16-170-AB (GJS)<br><br>**ORDER DENYING MOTION AND ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the 28 U.S.C. § 2254 petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Petitioner has appended to his Objections photocopies of a variety of new documents, which include: administrative grievance forms related to his complaints about law library access (Exhibits A-B); and newspaper and journal articles related to (a) asserted prosecutorial misconduct in the Orange County District Attorney's Office in connection with other criminal cases, and (b) the asserted propensity of

child victims and witnesses to lie (Exhibits C-H). A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

The documents appended to the Objections as Exhibits C-H are not relevant to this case and, indeed, are not evidence. They were not part of the state record for Petitioner's criminal case and are not probative with respect to the federal habeas claims before the Court. Accordingly, the Court exercises its discretion not to consider such newspaper and magazine articles.

In doing so, the Court notes that Petitioner misapprehends the nature of federal habeas review, including the operation of 28 U.S.C. § 2254(d). Petitioner asserts that the Reporter's and Clerk's Transcripts are replete with "clear lies" by the child victim and that he should be allowed to rebut the victim's trial testimony, as well as to show systemic prosecutorial misconduct, through the use of the magazine articles appended to the Objections. Petitioner further asserts that the Magistrate Judge erred in failing to hold an evidentiary hearing that would have allowed him to "rebut" the victim's trial testimony. A Section 2254 habeas action is not a retrial of a state criminal case, however, and federal habeas review is not a mechanism by which a federal court supplants the factfinding made by the state court jury, including a jury's credibility determinations. This is particularly true when, as here, a petitioner has not overcome the deferential standard of review mandated under Section 2254(d). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (federal habeas review under Section 2254(d)(1) is limited to the evidence introduced before the state court and "when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing'") (citation omitted); *Gulbrandson v. Ryan*, 738 F.3d 976, 993-94 (9th Cir. 2013) (when a state court has denied claims on their merits, *Pinholster* precludes "further factual development of these claims" through an evidentiary hearing to

determine whether Section 2254(d) is satisfied); *Stokley v. Ryan*, 659 F.3d 802, 809 (9th Cir. 2011) ("*Pinholster*'s limitation on the consideration of [a petitioner's] new evidence . . . in federal habeas proceedings also forecloses the possibility of a federal evidentiary hearing").

With respect to Exhibits A-B, the Court has exercised its discretion to consider these documents, which Petitioner proffers in support of his contention that his motion for leave to amend should be granted. Having considered these documents, the Court finds that they do not alter, affect, or require any change to the analysis and conclusions in the Report. The Magistrate Judge considered Petitioner's assertions of limitations on his law library access and found that, even if credited, they did not establish a right to receive equitable tolling. Petitioner's complaints of periodic shortened library periods, such as receiving 78 hours of library time in a period when he believes he should have received 84 hours, are insufficient to establish an extraordinary circumstance that actually rendered it impossible for him to assert on a timely basis the claims at issue in the motion for leave to amend.

Petitioner's assertions and arguments have been reviewed carefully. The Court, however, concludes that nothing set forth in the Objections or otherwise in the record for this case affects or alters, or calls into question, the findings and analysis set forth in the Report. Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

Finally, the Court notes Petitioner's motion filed on November 20, 2017 [Dkt. 37, "Motion"], in which he asks the Court to vacate the reference to the Magistrate Judge. Nothing in the Motion, or in the history of this case, warrants vacating the reference. The Motion, therefore, is DENIED.

///
///
///
///

Accordingly, **IT IS ORDERED** that: (1) the motion for leave to amend filed on May 8, 2017 [Dkt. 23] is DENIED; (2) the Petition is DENIED; and (3) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 07, 2018

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE